A. Franklin Mahoney, J.
Petitioner, a New Jersey corporation, has been licensed since 1963 to deliver milk to specifically named licensed dealers in New York pursuant to article 21 of the Agriculture and Markets Law. On several occasions its original license has been amended to include additional dealers within this State. On or about May 15, 1974 petitioner made a formal application to respondent to extend its license to encompass the "Stoney Lane Dairies, Inc.” of Nassau County, New York. On February 19, 1975, after a formal *1073 hearing and some delay, the Commissioner of Agriculture and Markets issued findings and rendered a decision denying the requested extension. Such decision was received by the petitioner on February 21, 1975 and on April 2, 1975 it served the respondent and the Attorney-General with a notice and petition commencing a CPLR article 78 proceeding in the nature of certiorari to review such determination. Respondent now moves to dismiss the proceeding pursuant to CPLR 3211 (subd [a], par 5) on the ground that it was not commenced within the time permitted by law.[1]
Respondent’s motion is based on the assertion that section 258-d of the Agriculture and Markets Law establishes the controlling period of limitations for cases such as this. That section provides for article 78 review of the commissioner’s action in refusing to grant or renew a license, in revoking or suspending a license or in conditioning the granting or renewal of a license. It also provides that, "the decision of the commissioner shall be final unless within thirty days from the date of service thereof upon the party affected thereby a court proceeding is instituted to review such action.” (Emphasis added.)
Respondent contends that this 30-day period is applicable to a refusal to extend a license since it is provided in section 258-c that, "The use of the word license in this article shall include the application for or denial of an extension of license.” (Emphasis added.) There is no dispute that the respondent was served more than 30 days from the receipt of the decision by petitioner.
Petitioner denies the applicability of the 30-day limit for cases involving the extension of a license and asserts that CPLR 217, which provides a four-month period for commencement of a proceeding against a body or officer, is the controlling statute.
Section 258 et seq. of the Agriculture and Markets Law provides the general framework for application for a license to operate as a milk dealer. Section 258-c is the heart of such scheme establishing rules and procedures for the granting and revoking of licenses and, by express inclusion, for the extension of licenses. Petitioner’s attempt to limit the meaning *1074 given to the word "license” in section 258-c solely to that section is wholly untenable given the detailed scheme for licensure set up by the statute. Such limitation would result in a situation whereby the procedures for granting, renewing, revoking, suspending or extending such licenses would all be the same. However, the period in which review could be sought for such matters would be 30 days in the first four cases and four months in the fifth case. No reason can or has been given to justify what would appear to be such a radical departure from what is otherwise a coherent and integrated licensing scheme.
One important rule of statutory construction is that all parts of a statute are to be construed together. "Statutory language, however strong, must yield to what appears to be intention and that is to be found not in the words of a particular section alone but by comparing it with other parts or provisions of the general scheme of which it is part.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97, p 213.)
The failure to expressly include extension of licenses within the provisions of section 258-d cannot be read as evidencing an intent to exclude it from the 30-day period without destroying the uniformity which otherwise exists. Petitioner’s reliance on the maxim expressio unius est exclusio alterius is misplaced since, "It is merely an aid to be utilized in ascertaining the meaning of a statute when its language is ambiguous, and should be applied to accomplish the legislative intention, not to defeat it.” (McKinney’s Cons Laws of NY, Book 1, § 240, p 414.) Furthermore, the express meaning given to the word "license” in section 258-c itself bespeaks of an application beyond that section alone since it is addressed to the use of that word in "this article” (Emphasis added.) Logic and consistency dictate that such meaning be carried over to the review provisions of section 258-d.
Petitioner’s contention that section 101 of the General Construction Law enjoins a construction of section 258-d which is in contravention of CPLR 217 is wholly without merit. CPLR 201 provides that, "An action * * * must be commenced within the time specified in this article unless a different time is prescribed by law” (emphasis added). CPLR 217, upon which petitioner relies, states, "[ujnless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed *1075 becomes final” (emphasis added). Thus, by the express direction of the CPLR, the 30-day period specified in section 258-d of the Agriculture and Markets Law, construed to include denial of an application to extend a license, must be the controlling statute of limitations in this case.
Section 258-d requires that a proceeding be instituted to review a licensing decision of the commissioner within 30 days. Neither petitioner’s letter of March 4, 1975, notifying respondent of its intent to seek review, nor its drawing of notice within the 30-day period may aid it in tolling the statute. CPLR 304 provides that a special proceeding is commenced by service of a notice of petition or order to show cause. (See, also, Matter of Seacrest Farms v Noyes, 164 Misc 369.) Since there is no question that respondent was served outside of the 30-day statutory period, respondent’s motion to dismiss must be granted.

. This court shall only consider respondent’s motion to dismiss and shall not review petitioner’s article 78 proceeding. If the respondent’s motion were denied, the matter would have to be transferred to the Appellate Division for review of the “substantial evidence” issue raised at the hearing.